IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SNEY ZARIF,

    Plaintiff,                                No. CIV S-11-0865 KJM-GGH

    vs.

GC SERVICES LIMITED PARTNERSHIP,

    Defendant.                             <u>ORDER</u>

/

        This matter comes before the court upon plaintiff's motion for leave to file an amended complaint. (ECF 17.) Plaintiff's motion is hereby GRANTED without hearing.

I. <u>FACTS AND PROCEDURAL HISTORY</u>

        The complaint in the above-captioned case was filed on March 31, 2011. (ECF 1.) Defendant filed its answer on April 29, 2011.[1] (ECF 6.) Plaintiff filed the present motion to amend on September 23, 2011. (ECF 17.) Defendant filed an untimely statement of opposition on October 17, 2011.[2] (ECF 21.)

---

[1] Plaintiff asserts in her memorandum of points and authorities in support of her motion that her initial complaint was filed on September 22, 2006 and that no responsive pleading has been filed. (ECF 17-1 at 2.) This is incorrect.

[2] In accordance with Local Rule 230(c), defendant's opposition or statement of non-opposition should have been filed by October 12, 2011 to be timely. Additionally, defendant

1

## II. ANALYSIS

### A. Standard

A "party seeking to amend [its] pleading after [the] date specified in [the] scheduling order must first show 'good cause' for amendment under Rule 16(b), then, if 'good cause' be shown, the party must demonstrate that amendment was proper under Rule 15." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 608 (9th Cir. 1992) (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).

Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting FED. R. CIV. P. 16 advisory committee's notes (1983 amendment)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. [citation omitted] If the party was not diligent, the inquiry should end." *Id.*

Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833

---

indicates in its statement of non-opposition that plaintiff has filed for bankruptcy. The court notes that the automatic stay provisions of 11 U.S.C. § 362 do not apply to actions initiated by debtors, but only to those in which debtors are defendants. *See* 11 U.S.C. § 362; *Rett White Motor Sales Co. v. Wells Fargo Bank*, 99 B.R. 12, 15 (Bankr. N.D. Cal. 1989); *Ahmad v. Wells Fargo Bank*, 2009 U.S. Dist. LEXIS 87110, at *2-3 (E.D. Cal. Jul. 17, 2009); *Brown v. Armstrong*, 949 F.2d 1007, 1009-10 (8th Cir. 1991).

F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties*, 866 F.2d at 1160 (internal citations omitted).  In addition, a court should look to whether the plaintiff has previously amended the complaint, as "the district court's discretion is especially broad 'where the court has already given a plaintiff one or more opportunities to amend [its] complaint.'" *Id*. at 1161 (quoting *Leighton*, 833 F.2d at 186 n.3).

    B.    Application

Although plaintiff does not discuss Rule 16 in its memorandum in support of its motion, Rule 16's good cause standard must necessarily be met as the status (pretrial scheduling) order was issued on September 21, 2011.  (ECF 14.)  The court finds that plaintiff has been diligent; as plaintiff indicates, she discovered additional facts after having filed the initial action through correspondence with defense counsel.  Moreover, plaintiff did not delay, as she filed this motion only two days following the entry of the status order.  Furthermore, Rule 15's liberal standard has been met as well: amendment of the complaint in this case will not cause the opposing party undue prejudice, is sought in good faith, is not futile, and does not create undue delay.  Moreover, this is plaintiff's first motion to amend and is unopposed by defendant.

III. <u>CONCLUSION</u>

For the foregoing reasons, plaintiff's motion is hereby GRANTED.  The Clerk is DIRECTED to file and docket Exhibit 1 to Docket Number 17 as the amended complaint.

IT IS SO ORDERED.

DATED: October 27, 2011.

                                    UNITED STATES DISTRICT JUDGE